UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61032-CIV-MARRA/JOHNSON

SHELLY DIAZ and
MIGUEL DIAZ, her
husband

    Plaintiffs
vs.

HOME DEPOT U.S.A.,
INC.

    Defendant.
_____/

## ORDER AND OPINION DENYING MOTION TO REMAND

THIS CAUSE is before the Court upon Plaintiffs' Motion to Remand Case to State Court [DE 3]. The Court has carefully considered Plaintiffs' six paragraph motion, Defendant's response, and Defendant's notice of filing in support of response brief. Plaintiffs filed no reply.

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to

remove an action from state court and avail itself of the federal court system.  28 U.S.C. § 1441; *Burns,* 31 F.3d at 1095.

Defendant removed this action to federal court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.  Section 1332 of Title 28 provides subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states."  *Id*.  Plaintiffs assert in their motion that (1) the Defendant must prove to a legal certainty that if Plaintiffs were successful, they would not recover below the jurisdictional mount of $75,000, and (2) diversity has not been established because Home Depot is licensed to do business here.

**Amount in Controversy**

"[A] removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000); *see also Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993).  The amount in controversy requirement is met by claiming a sufficient sum in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

In its response, Defendant states that Plaintiffs' last demand for damages was in the amount of $190,000.  Defendant has submitted Plaintiffs' Demand Letter which was sent to Defendant on October 24, 2005, as a supplemental filing in support of this

assertion.  *See* DE 6.  Because Defendant has actually shown that the amount in controversy exceeds $75,000, Plaintiffs' challenge to this prong of subject matter jurisdiction is rejected.  28 U.S.C. § 1446(b); *Williams v. Safeco Ins. Co. of America*, 74 F. Supp. 2d 925 (W.D. Mo. 1999).

**Diversity Jurisdiction**

For both original and removal diversity jurisdiction, a corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); James W. Moore & Donald T. Weckstein, *Corporations and Diversity of Citizenship Jurisdiction: A Supreme Court Fiction Revisited*, 77 Harv. L. Rev. 1426, 1431-32 (1964).  Defendant states that Home Depot U.S.A., Inc. is a corporation organized and existing pursuant to the laws of the state of Delaware, with its principal place of business in the state of Georgia.  Plaintiffs are residents of Florida.  Plaintiffs have not provided any evidence that counters Defendant's assertions regarding its place of incorporation or its principal place of business.  Plaintiffs merely state that Home Depot must also be a citizen of Florida because it has dozens of retails stores here and is registered to do business in Florida.  Because these facts do not, as a matter of law, establish that Home Depot is a citizen of Florida, Plaintiffs challenge to diversity jurisdiction is also rejected.

**Conclusion**

Defendant, Home Depot U.S.A., Inc., has established that jurisdiction is proper under diversity grounds as demonstrated by the diversity of citizenship and proof of

3

the amount in controversy.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand Case to State Court **[DE 3] is DENIED**.  The parties are instructed to file their Joint Scheduling Report by April 16, 2007.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2007.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record